# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------------X
JOHN CHARLES TEXTOR,

Plaintiff,

-against-

SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU,

Defendants.
----------------------------------------------------------------------X

Index No.:
Date Filed:

Plaintiff designates
NEW YORK COUNTY
as the place of trial

**SUMMONS**

The basis of the venue is
Pursuant to CPLR §501 and §509
and agreement of the parties

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer Plaintiff's Verified Complaint in this action and to serve a copy of your Answer, or, if Plaintiff's Verified Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in Plaintiff's Verified Complaint.

Dated: Melville, New York
October 13, 2026

Yours, etc.

RICHARD A. KRASLOW, P.C.

/s/Richard A. Kraslow
By: Richard A. Kraslow, Esq.
Attorneys for Plaintiff
JOHN CHARLES TEXTOR
425 Broad Hollow Road, Suite 206
Melville, New York 11747
(631) 756-8300
rakpc.law@gmail.com

**Defendants' Addresses:**
SAF BOTAFOGO
Avenida Jose Silva de Azevedo Neto
No. 200, Block 4, Suite 104
Barra da Tijuca
Rio de Janeiro, RJ, Brazil 22.775-056

OLYMPIQUE LYONNAIS SASU
10 Avenue Simone Veil
69150 Decines

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------X

JOHN CHARLES TEXTOR,

Plaintiff,

-against-

SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU,

Defendants.

---------------------------------------------------------------------X

Index No.:
Date Filed:

**VERIFIED COMPLAINT**

Plaintiff, JOHN CHARLES TEXTOR, through his attorneys, RICHARD A. KRASLOW, P.C., complaining of Defendants, SAAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU, sets forth and alleges, upon information and belief, as follows:

1. This is an action for indemnification, and is within the jurisdiction of this Court.

2. That Plaintiff, JOHN CHARLES TEXTOR, is an individual residing in the State of Florida, over the age of 18 years and *sui juris*.

3. That at all times material hereto, Defendant, SAF BOTAFOGO, was and is a business entity organized and existing pursuant to the laws of Brazil.

4. That at all times material hereto, Defendant, SAF BOTAFOGO, was and is a foreign business entity authorized to do business in the State of New York.

5. That at all times material hereto, Defendant, OLYMPIQUE LYONNAIS SASU, was and is a business entity organized and existing pursuant to the laws of France.

6. That at all times material hereto, Defendant, OLYMPIQUE LYONNAIS SASU, was and is a foreign business entity authorized to do business in the State of New York.

7. That venue is proper in the County of New York, State of New York.

8. That Plaintiff, JOHN CHARLES TEXTOR, has retained the law firm of Richard

A. Kraslow, P.C. to represent him in this action, and has obligated himself to pay a reasonable fee for counsel, for which Defendants, SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU, are responsible.

9. That all conditions to the bringing of this action, if any, have occurred and/or have been waived.

**AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION**
**INDEMNIFICATION**
**DEFENDANT, SAF BOTAFOGO**

10. Plaintiff, JOHN CHARLES TEXTOR, repeats and realleges each and every allegation contained in paragraphs "1" through "9" as if same were more fully set forth herein.

11. That Defendant, SAF BOTAFOGO, as Borrower, and Macquarie Bank Limited, as Lender, entered into a Facility Agreement dated January 17, 2025 in the facility amount of €27,183,450 [*hereinafter the "Facility Agreement dated January 17, 2025"*].

12. That the Facility Agreement dated January 17, 2025 provides in relevant part that:

> "5.1.2 It is expected that all Payment Amounts (comprising Principal Repayments and scheduled interest amounts) which become due and payable will be settled from the proceeds of the receivables." [*Facility Agreement dated January 17, 2025 at Article 5.1.2*]

13. That at all times material hereto, "Receivables" means "(a) €7,125,000 being the first installment of the Option Fee (as defined in the Henrique Option Exercise Notice) payable by Defendant, OLYMPIQUE LYONNAIS SASU, to the Borrower on 15 March 2025 pursuant to article 4.2.2 of the Henrique Transfer Agreement; (b) €7,125,000 being the first installment of the transfer fee payable by Defendant, OLYMPIQUE LYONNAIS SASU, to the Borrower on 15 September 2025 pursuant to Article 4.1 of the Almada Transfer Agreement; (c) €7,125,000 being the second installment of the Option Fee (as defined in the Henrique Option

Exercise Notice) payable by Defendant, OLYMPIQUE LYONNAIS SASU, to the Borrower on 15 March 2026 pursuant to Article 4.2.2 of the Henrique Transfer Agreement; and (d) €7,750,000 being the second installment of the transfer fee payable by Defendant, OLYMPIQUE LYONNAIS SASU, to the Borrower on 15 September 2026 pursuant to Article 4.1 of the Almada Transfer Agreement" [*Facility Agreement dated January 17, 2025 at Article 1.1*].

14. That Defendants, SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU, and Macquarie Bank Limited entered into a Confirmation Deed dated April 29, 2025 [*the "Confirmation Deed"*].

15. That Defendants, SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU, and Macquarie Bank Limited entered into a Guaranty dated April 29, 2025 [*the "SAF Botafogo Guaranty"*].

16. That the SAF Botafogo Guaranty provides in relevant part that:

> "(A) Pursuant to a EUR 27, 183, 450 facility dated 17 January 2025 between the Borrower and Macquarie (the 'Facility Agreement'), Macquarie has made a term loan to the Borrower.
>
> (B) The Guarantor has agreed to enter into this Deed for the purpose of providing credit support to Macquarie for the Borrower's payment obligations under the Facility Agreement." [*SAF Botafogo Guaranty at page 1*]
>
> "2.1.2 The Guarantor irrevocably and unconditionally jointly and severally undertakes to Macquarie that whenever the Borrower does not pay any amount in respect of the Guaranteed Obligations, the Guarantor shall immediately on demand pay that amount as if it was the principal obligor." [*SAF Botafogo Guaranty at Article 2.1.2*]

17. That Defendant, SAF BOTAFOGO, and Macquarie Bank Limited entered into a Security Assignment of Certain Receivables dated January 17, 2025 [*the "Security Assignment of Certain Receivables"*].

18. That the Security Assignment of Certain Receivables provides in relevant part

that:

> "3. As a continuing security for the payment and discharge of the Secured Liabilities, the Borrower with full title guarantee assigns to the Lender absolutely, subject to a proviso for reassignment at the end of the Security Period, all rights and interests which it has to, or in connection with the Receivables (including but without limitation, the right to demand and receive all monies whatsoever payable to or for its benefit under or arising from any of them, all remedies provided for in any of them or available at law or in equity in relation to any of them, the right to compel performance of any of them and all other rights, interests and benefits whatsoever accruing to or for its benefit arising from any of them) provided that nothing in this Clause 3 shall constitute the Lender as a mortgagee in possession." [*Security Assignment of Certain Receivables at Article 3*]
>
> "6.8 All monies received in relation to the Receivables at any time (whether or not the security constituted by this Deed has become enforceable) shall:
>
> 6.8.1 be paid directly to the Lender by OL, to be applied by the Lender in accordance with the terms of the Facility Agreement"
>
> [*Security Assignment of Certain Receivables at Article 6.8*]

19. That Defendant, SAF BOTAFOGO, delivered to Defendant, OLYMPIQUE LYONNAIS SASU, an Assignment and Instruction Notice dated January 17, 2025 [*the "Assignment and Instruction Notice"*].

20. That the Assignment and Instruction Notice incorporates by reference the (i) Transfer Agreement concerning Luiz Henrique Andre Rosa da Silva dated July 26, 2024 and the Option Exercise Notice dated September 23, 2024 between Defendants, SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU, [*the "Henrique Transfer Agreement"*] and (ii) Transfer Agreement concerning Thiago Ezequiel Almada dated October 10, 2024 between Defendants, SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU, [*the "Almada Transfer Agreement"*], and provided in relevant part that:

> "2. We, SAF Botafogo ('**Botafogo**'), hereby give notice that, pursuant to an English law deed of assignment by way of security dated on or around the date of this notice (the '**Assignment Agreement**'), Botafogo have assigned by way of security to Macquarie Bank Limited, London Branch ('**Macquarie**') any and all of our rights and title to, and interest in:
>
> (a) the transfer fee payable by your club:
>
> (i) pursuant to article 4.2.2 of the Henrique Transfer Agreement:

a. the receivable in the amount of €7,125,000 payable by OL to Botafogo on 15 March 2025 as the first installment of the Option Fee (as defined in the Option Exercise Notice (pursuant to article 4.2.2 of the Henrique Transfer Agreement;

b. the receivable in the amount of €7,125,000 payable by OL to Botafogo on 15 March 2026 as the second installment of the Option Fee (as defined in the Option Exercise Notice) pursuant to article 4.2.2 of the Henrique Transfer Agreement);

(ii) pursuant to article 4.1 of the Almada Transfer Agreement:

a. the receivable in the amount of €7,750,000 payable by OL to Botafogo on 15 September 2025 as the first installment of the transfer fee pursuant to article 4.1 of the Almada Transfer Agreement;

b. the receivable in the amount of €7,750,000 payable by OL to Botafogo on 15 September 2026 as the second installment of the transfer fee pursuant to article 4.1 of the Almada Transfer Agreement."
[*Assignment Instruction Notice at Article 2*]

(each a "**Receivable**" and together the "**Receivables**")

"3. Therefore, we hereby give irrevocable notice to you that payment of the Receivables (whenever paid and, notwithstanding of the Transfer Agreements, whether or not any invoice is present by Botafogo in respect to any such amount) should be made on the due dates above to account details which are set out below or to any other Macquarie Bank account that Macquarie should notify you from time to time in writing (and not to any account detailed in any invoice received from our club in connection with the Transfer Agreements or to any other account nominated by us)." [*Assignment Instruction Notice at Article 3*]

21. That, upon information and belief, no part of the Receivables payable by Defendant, OLYMPIQUE LYONNAIS SASU, to Defendant, SAF BOTAFOGO, pursuant to the Henrique Transfer Agreement and/or the Almada Transfer Agreement was, at any time relevant hereto, paid directly to Defendant, SAF BOTAFOGO.

22. That, upon information and belief, no part of the Receivables has been paid by Defendant, SAF BOTAFOGO, to Macquarie Bank Limited pursuant to the Facility Agreement dated January 17, 2025.

23. That Plaintiff, JOHN CHARLES TEXTOR, delivered to Macquarie Bank Limited a Personal Guaranty dated January 17, 2025 [*Personal Guaranty dated January 17,*

*2025*].

24. That pursuant to the Personal Guaranty dated January 17, 2025, Plaintiff, JOHN CHARLES TEXTOR, as Guarantor, unconditionally and irrevocably guaranteed, as primary obligor, the Loan Documents, inclusive of the Facility Agreement dated January 17, 2025 and the Security Assignment of Certain Receivables.

25. That the Personal Guaranty dated January 17, 2025 provided in relevant part:

> "9.7 This Guaranty and any claims, controversy, dispute or cause of action (whether in contract or tort or otherwise) based upon, arising out of or relating to this Guaranty and the transactions contemplated hereby shall be governed by, and construed in accordance with the law of the State of New York (including, without limitation, Section 5-1401 of the General Obligations Laws, but otherwise without regard to conflicts of law principles)." [*Personal Guaranty dated January 17, 2025 at Article 9.7*]
>
> "9.8 The Guarantor irrevocably and unconditionally agrees that he will not commence any action, litigation, or proceeding of any kind whatsoever, whether in law or in equity, or whether in contract or tort or otherwise, against the Lender, in any way relating to this Guaranty or the transactions contemplated hereby, in any forum other than the courts of the State of New York sitting in New York County and of the United States District Court of the Southern District of New York and any Appellate Court from any thereof, and each of the parties hereto irrevocably and unconditionally submits to the exclusive and personal jurisdiction of such courts and agrees that any such action, litigation, or proceeding may be brought in any such New York State court or, to the fullest extent permitted by applicable law, in such Federal Court." [*Personal Guaranty dated January 17, 2025 at Article 9.8*]

26. That pursuant to the Personal Guaranty dated January 17, 2025, Defendant, SAF BOTAFOGO, unconditionally submitted to the exclusive personal jurisdiction of the Courts of the County of New York, State of New York.

27. That by Notice of Motion for Summary Judgment in Lieu of Complaint in the action styled *Macquarie Bank Limited v. John Charles Textor*, previously pending in the Supreme Court of the State of New York, County of New York under index number 652320/2026 [*the "Prior Action Pending"*], Macquarie Bank Limited demanded payment by Plaintiff, JOHN CHARLES TEXTOR, pursuant to the Personal Guaranty dated January 17, 2025, of all sums due and/or owing pursuant to the Facility Agreement dated January 17, 2025

[*the "Accelerated Payment"*].

28. That by Decision and Order on Motion dated October 7, 2026 in the Prior Action Pending, the Hon. Melissa A. Crane, JSC granted the application of Macquarie Bank Limited and directed that Plaintiff, JOHN CHARLES TEXTOR, pay to Macquarie Bank Limited the Accelerated Payment in the amount of €14,486,047.69 [*converted to USD*], together with prejudgment interest at the rate of 13.35% from June 18, 2026 [*the "Judgment Amount"*].

29. That as a consequence of Defendant, SAF BOTAFOGO'S, breach of the Loan Documents, including the Facility Agreement dated January 17, 2025, judgment will be entered by Macquarie Bank Limited against Plaintiff, JOH CHARLES TEXTOR, in the Judgment Amount.

30. That as a direct and proximate result of Defendant, SAF BOTAFOGO'S, breach of the Loan Documents, including the Facility Agreement dated January 17, 2025, Plaintiff, JOHN CHARLES TEXTOR, may be caused to pay to Macquarie Bank Limited the Judgment Amount, and demands judgment against Defendant, SAF BOTAFOGO, for contribution and/or indemnification, in full, with respect to any damages which may be incurred by Plaintiff, JOHN CHARLES TEXTOR.

**AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION**
**INDEMNIFICATION**
**DEFENDANT, OLYMPIQUE LYONNAIS SASU**

31. Plaintiff, JOHN CHARLES TEXTOR, repeats and realleges each and every allegation contained in paragraphs "1" through "30" as if same were more fully set forth herein.

32. That Defendant, SAF BOTAFOGO, as Borrower, and Macquarie Bank Limited, as Lender, entered into a Facility Agreement dated January 17, 2025 in the facility

amount of €27,183,450 [*hereinafter the "Facility Agreement dated January 17, 2025"*].

33. That the Facility Agreement dated January 17, 2025 provides in relevant part that:

> "5.1.2 It is expected that all Payment Amounts (comprising Principal Repayments and scheduled interest amounts) which become due and payable will be settled from the proceeds of the receivables." [*Facility Agreement dated January 17, 2025 at Article 5.1.2*]

34. That at all times material hereto, "Receivables" means "(a) €7,125,000 being the first installment of the Option Fee (as defined in the Henrique Option Exercise Notice) payable by Defendant, OLYMPIQUE LYONNAIS SASU, to the Borrower on 15 March 2025 pursuant to article 4.2.2 of the Henrique Transfer Agreement; (b) €7,125,000 being the first installment of the transfer fee payable by Defendant, OLYMPIQUE LYONNAIS SASU, to the Borrower on 15 September 2025 pursuant to Article 4.1 of the Almada Transfer Agreement; (c) €7,125,000 being the second installment of the Option Fee (as defined in the Henrique Option Exercise Notice) payable by Defendant, OLYMPIQUE LYONNAIS SASU, to the Borrower on 15 March 2026 pursuant to Article 4.2.2 of the Henrique Transfer Agreement; and (d) €7,750,000 being the second installment of the transfer fee payable by Defendant, OLYMPIQUE LYONNAIS SASU, to the Borrower on 15 September 2026 pursuant to Article 4.1 of the Almada Transfer Agreement" [*Facility Agreement dated January 17, 2025 at Article 1.1*].

35. That Defendants, SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU, and Macquarie Bank Limited entered into a Confirmation Deed dated April 29, 2025 [*the "Confirmation Deed"*].

36. That Defendants, SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU,

and Macquarie Bank Limited entered into a Guaranty dated April 29, 2025 [*the "SAF Botafogo Guaranty"*].

37. That the SAF Botafogo Guaranty provides in relevant part that:

> "(A) Pursuant to a EUR 27, 183, 450 facility dated 17 January 2025 between the Borrower and Macquarie (the 'Facility Agreement'), Macquarie has made a term loan to the Borrower.
>
> (B) The Guarantor has agreed to enter into this Deed for the purpose of providing credit support to Macquarie for the Borrower's payment obligations under the Facility Agreement." [*SAF Botafogo Guaranty at page 1*]
>
> "2.1.2 The Guarantor irrevocably and unconditionally jointly and severally undertakes to Macquarie that whenever the Borrower does not pay any amount in respect of the Guaranteed Obligations, the Guarantor shall immediately on demand pay that amount as if it was the principal obligor." [*SAF Botafogo Guaranty at Article 2.1.2*]

38. That Defendant, SAF BOTAFOGO, and Macquarie Bank Limited entered into a Security Assignment of Certain Receivables dated January 17, 2025 [*the "Security Assignment of Certain Receivables"*].

39. That the Security Assignment of Certain Receivables provides in relevant part that:

> "3. As a continuing security for the payment and discharge of the Secured Liabilities, the Borrower with full title guarantee assigns to the Lender absolutely, subject to a proviso for reassignment at the end of the Security Period, all rights and interests which it has to, or in connection with the Receivables (including but without limitation, the right to demand and receive all monies whatsoever payable to or for its benefit under or arising from any of them, all remedies provided for in any of them or available at law or in equity in relation to any of them, the right to compel performance of any of them and all other rights, interests and benefits whatsoever accruing to or for its benefit arising from any of them) provided that nothing in this Clause 3 shall constitute the Lender as a mortgagee in possession." [*Security Assignment of Certain Receivables at Article 3*]
>
> "6.8 All monies received in relation to the Receivables at any time (whether or not the security constituted by this Deed has become enforceable) shall:
>
> 6.8.1 be paid directly to the Lender by OL, to be applied by the Lender in accordance with the terms of the Facility Agreement"
>
> [*Security Assignment of Certain Receivables at Article 6.8*]

40. That Defendant, SAF BOTAFOGO, delivered to Defendant, OLYMPIQUE LYONNAIS SASU, an Assignment and Instruction Notice dated January 17, 2025 [*the*

*"Assignment and Instruction Notice"*].

41. That the Assignment and Instruction Notice incorporates by reference the (i) Transfer Agreement concerning Luiz Henrique Andre Rosa da Silva dated July 26, 2024 and the Option Exercise Notice dated September 23, 2024 between Defendants, SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU, [*the "Henrique Transfer Agreement"*] and (ii) Transfer Agreement concerning Thiago Ezequiel Almada dated October 10, 2024 between Defendants, SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU, [*the "Almada Transfer Agreement"*], and provided in relevant part that:

> "2. We, SAF Botafogo ('**Botafogo**'), hereby give notice that, pursuant to an English law deed of assignment by way of security dated on or around the date of this notice (the '**Assignment Agreement**'), Botafogo have assigned by way of security to Macquarie Bank Limited, London Branch ('**Macquarie**') any and all of our rights and title to, and interest in:
>
> (a) the transfer fee payable by your club:
>
> (i) pursuant to article 4.2.2 of the Henrique Transfer Agreement:
>
> a. the receivable in the amount of €7,125,000 payable by OL to Botafogo on 15 March 2025 as the first installment of the Option Fee (as defined in the Option Exercise Notice (pursuant to article 4.2.2 of the Henrique Transfer Agreement;
>
> b. the receivable in the amount of €7,125,000 payable by OL to Botafogo on 15 March 2026 as the second installment of the Option Fee (as defined in the Option Exercise Notice) pursuant to article 4.2.2 of the Henrique Transfer Agreement);
>
> (ii) pursuant to article 4.1 of the Almada Transfer Agreement:
>
> a. the receivable in the amount of €7,750,000 payable by OL to Botafogo on 15 September 2025 as the first installment of the transfer fee pursuant to article 4.1 of the Almada Transfer Agreement;
>
> b. the receivable in the amount of €7,750,000 payable by OL to Botafogo on 15 September 2026 as the second installment of the transfer fee pursuant to article 4.1 of the Almada Transfer Agreement."
>
> [*Assignment Instruction Notice at Article 2*]
>
> (each a "**Receivable**" and together the "**Receivables**")
>
> "3. Therefore, we hereby give irrevocable notice to you that payment of the Receivables

> (whenever paid and, notwithstanding of the Transfer Agreements, whether or not any invoice is present by Botafogo in respect to any such amount) should be made on the due dates above to account details which are set out below or to any other Macquarie Bank account that Macquarie should notify you from time to time in writing (and not to any account detailed in any invoice received from our club in connection with the Transfer Agreements or to any other account nominated by us)." [*Assignment Instruction Notice at Article 3*]

42. That, upon information and belief, no part of the Receivables payable by Defendant, OLYMPIQUE LYONNAIS SASU, to Defendant, SAF BOTAFOGO, pursuant to the Henrique Transfer Agreement and/or the Almada Transfer Agreement was, at any time relevant hereto, paid directly to Defendant, SAF BOTAFOGO.

43. That, upon information and belief, no part of the Receivables has been paid by Defendant, SAF BOTAFOGO, to Macquarie Bank Limited pursuant to the Facility Agreement dated January 17, 2025.

44. That Plaintiff, JOHN CHARLES TEXTOR, delivered to Macquarie Bank Limited a Personal Guaranty dated January 17, 2025 [*Personal Guaranty dated January 17, 2025*].

45. That pursuant to the Personal Guaranty dated January 17, 2025, Plaintiff, JOHN CHARLES TEXTOR, as Guarantor, unconditionally and irrevocably guaranteed, as primary obligor, the Loan Documents, inclusive of the Facility Agreement dated January 17, 2025 and the Security Assignment of Certain Receivables.

46. That the Personal Guaranty dated January 17, 2025 provided in relevant part:

> "9.7 This Guaranty and any claims, controversy, dispute or cause of action (whether in contract or tort or otherwise) based upon, arising out of or relating to this Guaranty and the transactions contemplated hereby shall be governed by, and construed in accordance with the law of the State of New York (including, without limitation, Section 5-1401 of the General Obligations Laws, but otherwise without regard to conflicts of law principles)." [*Personal Guaranty dated January 17, 2025 at Article 9.7*]

> "9.8 The Guarantor irrevocably and unconditionally agrees that he will not commence any action, litigation, or proceeding of any kind whatsoever, whether in law or in equity, or whether in contract or tort or otherwise, against the Lender, in any way relating to this Guaranty or the

> transactions contemplated hereby, in any forum other than the courts of the State of New York sitting in New York County and of the United States District Court of the Southern District of New York and any Appellate Court from any thereof, and each of the parties hereto irrevocably and unconditionally submits to the exclusive and personal jurisdiction of such courts and agrees that any such action, litigation, or proceeding may be brought in any such New York State court or, to the fullest extent permitted by applicable law, in such Federal Court." [*Personal Guaranty dated January 17, 2025 at Article 9.8*]

47. That pursuant to the Personal Guaranty dated January 17, 2025, Defendant, OLYMPIQUE LYONNAIS SASU, unconditionally submitted to the exclusive personal jurisdiction of the Courts of the County of New York, State of New York.

48. That by Notice of Motion for Summary Judgment in Lieu of Complaint in the action styled *Macquarie Bank Limited v. John Charles Textor*, previously pending in the Supreme Court of the State of New York, County of New York under index number 652320/2026 [*the "Prior Action Pending"*], Macquarie Bank Limited demanded payment by Plaintiff, JOHN CHARLES TEXTOR, pursuant to the Personal Guaranty dated January 17, 2025, of all sums due and/or owing pursuant to the Facility Agreement dated January 17, 2025 [*the "Accelerated Payment"*].

49. That by Decision and Order on Motion dated October 7, 2026 in the Prior Action Pending, the Hon. Melissa A. Crane, JSC granted the application of Macquarie Bank Limited and directed that Plaintiff, JOHN CHARLES TEXTOR, pay to Macquarie Bank Limited the Accelerated Payment in the amount of €14,486,047.69 [*converted to USD*], together with prejudgment interest at the rate of 13.35% from June 18, 2026 [*the "Judgment Amount"*].

50. That as a consequence of Defendant, OLYMPIQUE LYONNAIS SASU'S, breach of the Loan Documents, including the Security Assignment of Certain Receivables and the Assignment and Instruction Notice, judgment will be entered by Macquarie Bank Limited against Plaintiff, JOH CHARLES TEXTOR, in the Judgment Amount.

51. That as a direct and proximate result of Defendant, OLYMPIQUE LYONNAIS SASU'S, breach of the Loan Documents, including the Security Assignment of Certain Receivables and the Assignment and Instruction Notice, Plaintiff, JOHN CHARLES TEXTOR, may be caused to pay to Macquarie Bank Limited the Judgment Amount, and demands judgment against Defendant, OLYMPIQUE LYONNAIS SASU, for contribution and/or indemnification, in full, with respect to any damages which may be incurred by Plaintiff, JOHN CHARLES TEXTOR.

WHEREFORE, Plaintiff, JOHN CHARLES TEXTOR, demands judgment against Defendants, SAF BOTAFOGO and OLYMPIQUE LYONNAIS SASU, as follows:

A. On Plaintiff's First Cause of Action against Defendant, SAF BOTAFOGO, judgment against Defendant, SAF BOTAFOGO, for contribution and/or indemnification, in full, with respect to any damages which may be incurred by Plaintiff, JOHN CHARLES TEXTOR, and paid to Macquarie Bank Limited, inclusive of interest, counsel fees and costs of suit;

B. On Plaintiff's Second Cause of Action against Defendant, OLYMPIQUE LYONNAIS SASU, judgment against Defendant, OLYMPIQUE LYONNAIS SASU, for contribution and/or indemnification, in full, with respect to any damages which may be incurred by Plaintiff, JOHN CHARLES TEXTOR, and paid to Macquarie Bank Limited, inclusive of interest, counsel fees and costs of suit; and

C. Such other and further relief as the Court may deem just and proper.

Dated: Melville, New York
October 13, 2026

Yours, etc.

RICHARD A. KRASLOW, P.C.

/s/Richard A. Kraslow
By: Richard A. Kraslow, Esq.
Attorneys for Plaintiff
JOHN CHARLES TEXTOR
425 Broad Hollow Road, Suite 206
Melville, New York 11747
(631) 756-8300
rakpc.law@gmail.com

TO: SAF BOTAFOGO
Avenida Jose Silva de Azevedo Neto
No. 200, Block 4, Suite 104
Barra da Tijuca
Rio de Janeiro, RJ, Brazil 22.775-056

OLYMPIQUE LYONNAIS SASU
10 Avenue Simone Veil
69150 Decines

STATE OF NEW YORK : COUNTY OF SUFFOLK

RICHARD A. KRASLOW, ESQ., an attorney duly admitted to practice before all the Courts of the State of New York, affirms the following under the penalties of perjury:

That he is a member of the firm of RICHARD A. KRASLOW, P.C., the attorney of record for Plaintiff in the within action. That he has read the foregoing Complaint and knows the contents thereof. That the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes them to be true.

Affirmant further states that the source of his information and the grounds of his belief as to all matters therein not stated upon his knowledge are: correspondence had with said Plaintiff which are in Affirmant's possession and other pertinent data relating thereto.

Affirmant further states that the reason this Verification is made by him and not by Plaintiff is that Plaintiff does not reside in the state county where your Affirmant maintains his office.

Dated: Melville, New York
October 13, 2026

/s/Richard A. Kraslow
RICHARD A. KRASLOW, ESQ.